IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KAZEE, INC., § <br> § <br> Plaintiff, § <br> v. § <br> § <br> DR. DAVID L. CALLENDER, in his § <br> official capacity as President of the § <br> University of Texas Medical Branch, § <br> and TODD LEACH, in his official § <br> capacity as Chief Information Officer of § <br> the University of Texas Medical Branch, § <br> § <br> Defendants. § | Civil Action No. 4:19-cv-0031-ALM |

**PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION HEARING AND EXPEDITED DISCOVERY**

Plaintiff KaZee, Inc. respectfully requests that the Court set a hearing on its application for preliminary injunction and grant leave to conduct expedited discovery prior to the hearing. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, there is good cause for limited expedited discovery relating to KaZee's application for preliminary injunction. KaZee believes that the parties can conduct the necessary discovery to be prepared for a preliminary injunction hearing approximately 45 days after Defendants have appeared. KaZee therefore requests that the Court set a hearing on the application for preliminary injunction the week of March 25, 2019 (subject to the Court's schedule) and order the expedited discovery requested in this motion.

**SUMMARY**

This case involves the unauthorized use of KaZee's trade secret and copyrighted PEARL software by the University of Texas Medical Branch ("UTMB") at the direction

1

of Defendants Dr. David L. Callender and Todd Leach in their official capacities. KaZee terminated UTMB's license to use PEARL effective December 31, 2018, but Defendants continue to direct UTMB to use PEARL without a license. Defendants' actions constitute a knowing and intentional violation of KaZee's intellectual property rights, which KaZee seeks to protect through a preliminary injunction preventing Defendants' ongoing violations of the Copyright Act and the Defend Trade Secrets Act.

KaZee seeks limited expedited discovery related to its pending application for preliminary injunction. Such discovery is necessary to establish, among other things, (1) the ongoing nature and scope of UTMB's unauthorized use of PEARL; (2) Defendants' knowledge of and participation in the unauthorized use of PEARL; and (3) that a preliminary injunction will not disserve the public interest. This limited expedited discovery is important for KaZee to establish entitlement to a preliminary injunction and will not impose a significant burden on Defendants. Thus, there is good cause for the Court to grant this motion and order expedited discovery.

## ARGUMENT

A district court has the discretion to order expedited discovery prior to the parties' Rule 26(f) conference "if there is some showing of good cause to justify the order." *El Pollo Loco S.A. de C.V. v. El Pollo Loco, Inc.*, 244 F. Supp. 2d 986, 991 (S.D. Tex. 2004); *see also* Fed. R. Civ. P. 26(d)(1). In the good cause analysis, the court examines the discovery request "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (citation omitted). Good

cause exists when the party seeking the expedited discovery establishes that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the opposing party." *Energy Prod. Corp. v. Northfield Ins. Co.*, No. CIV.A. 10-0933, 2010 WL 3184232, at *3 (E.D. La. Aug. 6, 2010).

Courts in this district consider five factors when determining whether good cause exists: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *OrthoAccel Tech., Inc. v. Propel Orthodontics, LLC*, No. 4:16-cv-350, 2016 WL 3747222, at *3 (E.D. Tex. July 13, 2016) (citation omitted). All five of the factors weigh in favor of the Court finding that good cause exists to order the expedited discovery that KaZee seeks.

1.     **An application for preliminary injunction is pending.**

KaZee filed an application for preliminary injunction together with its Complaint on January 15, 2019. (Dkt. #1.) Because there is a preliminary injunction application pending, the first factor weighs in favor of granting KaZee's request for expedited discovery. *See OrthoAccel Tech.*, 2016 WL 3747222, at *4 (holding that a pending application for preliminary injunction, regardless of the merits, satisfies the first factor); *Rodale, Inc. v. U.S. Preventative Med., Inc.*, No. 4:08-CV-120, 2008 WL 4682043, at *3 (E.D. Tex. Oct. 21, 2008) ("An order for expedited discovery would be appropriate in a case seeking a preliminary injunction.").

**2. KaZee's discovery requests are narrowly tailored, and briefly shortening Defendants' response time imposes little burden.**

The second, fourth, and fifth factors examine the breadth of the requested discovery, the extent to which the movant seeks to shorten deadlines, and the burden on the non-movant. Each of these related factors favors KaZee's request for expedited discovery.

KaZee seeks narrow discovery that is limited solely to its pending request for injunctive relief. Specifically, KaZee requests that the Court order the following expedited discovery:

1. KaZee may serve the requests for production attached as Exhibit 1 on Defendants within three days of the Court's order;

2. Defendants' deadline to serve objections and responses to the requests for production and produce responsive documents shall be 14 days after service of the requests; and

3. KaZee shall be permitted to take the depositions of Defendants and a Rule 30(b)(6) representative of UTMB (on the topics set forth in Exhibit 2) at least seven days prior to the preliminary injunction hearing.

KaZee's proposed requests for production are narrowly tailored, containing only five document requests relating solely to the ongoing misuse of KaZee's intellectual property by UTMB and Defendants. (Ex. 1.) These requests cover a short amount of time, focusing primarily on the time since November 1, 2018. (*Id.*)[1] KaZee's proposed Rule 30(b)(6) deposition topics are also narrow, consisting of six topics that also address

---

[1] One of the requests involves a more extended time period, dating back to January 1, 2015. (Ex. 1, No. 5.) This request, however, is narrowly tailored to seek a discrete category of documents relating to UTMB's conduct giving rise to KaZee's right to terminate the Master License. Based on pre-suit correspondence, Defendants apparently intend to dispute that UTMB used PEARL beyond the scope of the license, notwithstanding UTMB's earlier admission that it violated the scope of the license. (*Compare* Exs. 4 and 5 (UTMB emails acknowledging limited scope of PEARL license and UTMB's use of PEARL beyond that scope), *with* Ex. 3 (correspondence from UTMB's counsel disputing the use of PEARL beyond the license). Because Defendants intend to put this previously undisputed point in issue, expedited discovery on the issue is necessary.

Defendants' misuse of PEARL and the equitable factors for obtaining a preliminary injunction. (Ex. 2.) This narrow scope of discovery imposes a minimal burden on Defendants and involves information that they will eventually be required to produce. KaZee only seeks a brief shortening of the discovery deadlines in the Federal Rules of Civil Procedure, demonstrating that the burden on Defendants is minimal, particularly compared with the importance of the discovery to KaZee.

3. **The expedited discovery is important to KaZee's application for preliminary injunction.**

The third factor—the purpose for requesting expedited discovery—favors KaZee's request because the discovery is important to establish KaZee's entitlement to a preliminary injunction. Defendants' counsel has already acknowledged that UTMB is ignoring the termination of the PEARL license by KaZee and continuing to use PEARL without authorization. (Ex. 3.) KaZee seeks expedited discovery primarily to establish the ongoing nature and scope of UTMB's unauthorized use of PEARL and Defendants' knowledge of and participation in the unauthorized use of PEARL. Both are critical elements for KaZee to establish that it has a substantial likelihood of success on the merits.

Other courts have recognized that similar expedited discovery is appropriate in cases involving requests for injunctive relief. *See, e.g., Kennedy v. ITV Direct, Inc.*, No. 08–6244 (ADM/JSM), 2009 WL 10678523, at *3 (D. Minn. Jan. 8, 2009) (holding that expedited discovery was proper based on the defendants' "ongoing infringement" and the need for discovery to "assist plaintiffs in their pursuant of a preliminary injunction"); *Tracfone Wireless, Inc. v. King Trading, Inc.*, No. 3–08–CV–0398–B, 2008 WL 918243,

at *1 (N.D. Tex. Mar. 13, 2008) ("[T]he court finds that expedited discovery, before a Rule 26(f) conference, is necessary to enable plaintiff to determine the nature and extent of defendants' alleged counterfeiting activities so it can decide whether to seek preliminary injunctive relief."); *OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 305 (N.D.N.Y. 2006) (permitting pre-answer discovery in trade secrets case so that plaintiff would "have an early opportunity to develop evidence for use in support" of a motion for preliminary injunction).

## CONCLUSION

KaZee seeks a preliminary injunction and needs narrow expedited discovery to support its application for a preliminary injunction. Because there is good cause for expedited discovery, KaZee respectfully requests that the Court grant this motion and permit KaZee to serve the expedited discovery requests attached to this motion. KaZee further requests that the Court set the application for preliminary injunction for hearing the week of March 25, 2019 or a nearby date that the Court has available.

Respectfully submitted,

By: /s/ *Pete Marketos*
Pete Marketos
State Bar No. 24013101
pete.marketos@rm-firm.com
Tyler J. Bexley
State Bar No. 24073923
tyler.bexley@rm-firm.com

**REESE MARKETOS LLP**
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201-3201
214.382.9810 telephone
214.501.0731 facsimile

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on Defendants on January 17, 2018 via Certified Mail and overnight delivery as follows:

Dr. David L. Callender
Todd Leach
301 University Boulevard
Galveston, TX 77555

/s/ *Pete Marketos*
Pete Marketos

7