IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **KAZEE, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:19-cv-00031-KPJ** |
| **DR. DAVID L. CALLENDER, in his** | § | |
| **official capacity as President of the** | § | |
| **University of Texas Medical Branch,** | § | |
| **and TODD LEACH, in his official** | § | |
| **capacity as Chief Information Officer of** | § | |
| **the University of Texas Medical Branch,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Rule 37 Sanctions and Request for Expedited Consideration in Connection with Preliminary Injunction Hearing (the "Motion") (Dkt. 122). Plaintiff also filed a Supplement to the Motion (the "Supplement") (Dkt. 130). Defendants filed a response to the Motion (Dkt. 132) and a response to the Supplement (Dkt. 133). Plaintiff filed a reply (Dkt. 135).

### I.    BACKGROUND

On January 15, 2019, KaZee, Inc. ("Plaintiff," or "KaZee") filed a Verified Complaint and Application for Preliminary and Permanent Injunctive Relief (the "Complaint") (Dkt. 1). Plaintiff is a provider of information technology products and services for the healthcare industry, including an electronic health records software known as PEARL. *See* Dkt. 1 at 1. In August 1999, Plaintiff entered into a Master License with the University of Texas Medical Branch ("UTMB") to use PEARL (the "Master License Agreement") (Dkt. 131-2). *See id.* Plaintiff asserts two causes of action against Dr. Ben G. Raimer, in his official capacity as President Ad Interim of UTMB, and

Todd Leach, in his Official Capacity as Chief Information Officer of UTMB (collectively, "Defendants"), related to the ongoing use of Plaintiff's PEARL software by UTMB. Plaintiff alleges copyright infringement pursuant to 17 U.S.C. § 501, and misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836. *See* Dkt. 1 at 10–12.

## II.      ANALYSIS

Plaintiff's Motion for Preliminary Injunction (Dkt. 121) is set for a two-day hearing on December 14 and 15, 2020 (the "Hearing"). In the present Motion, Plaintiff requests the Court exclude two categories of evidence from the Hearing: (1) any evidence that Defendants' current use of PEARL is permitted by an express or implied license or an estoppel defense; and (2) testimony from John Allen (the "Allen Declaration"). *See* Dkt. 122 at 1. In the Supplement, following Defendants' filing of Defendants' Opposition to Plaintiff's Application for Preliminary Injunction (the "Opposition") (Dkt. 123), Plaintiff filed what amounts to a second motion for sanctions, requesting the Court strike four declarations included in the Opposition. *See* Dkt. 130 at 1.

### A. <u>Evidence Related to License and Estoppel Defenses</u>

Plaintiff argues Defendants should be prohibited from introducing evidence that its current use of PEARL is permitted by an express or implied license or an estoppel defense. *See* Dkt. 122 at 10. Plaintiff recounts frustrations with a deposition of Defendant and 30(b)(6) witness Todd Leach on November 3, 2020, *see* Dkt. 122 at 8, arguing Leach did not properly participate as a Rule 30(b)(6) witness, but rather, read from a "Deposition Script" prepared by Defendants' counsel. *See id.* Defendants contest the characterization of what it denotes as a "reference outline." *See* Dkt. 132 at 1.

The adequacy of the Rule 30(b)(6) deposition, including the conduct of Mr. Leach and Defendants' counsel is not, however, the subject of the Motion. Rather, Plaintiff's request is to preclude Defendants from asserting an express or implied license or an estoppel defense. Defendants state "they have not and do not intend to raise the affirmative defenses of license (express or implied) or estoppel at this stage of the litigation or in response to the Application consistent with this Court's ruling." Dkt. 132 at 3. The Court finds the issue raised in the Motion is, therefore, moot. Plaintiff appears to fear that Defendants will make such arguments at the upcoming Hearing, at least in an implicit manner. If such a conflict arises at the Hearing, the Court will address the issue, when there is an actual controversy before the Court.

### B.  Allen Declaration and Additional Declarations

Plaintiff argues the Court should exclude the Allen Declaration because, though it was executed on September 22, 2020, Defendants did not disclose it to Plaintiff until hours into the deposition of Mr. Leach on November 3, 2020. *See* Dkt. 122 at 10–11. Plaintiff argues this untimely disclosure violated the Court's Order Governing Proceedings (the "OGP") (Dkt. 25). *See id.* at 2–3. Defendants contend the Allen Declaration was prepared specifically for the Opposition (Dkt. 123) and, thus, was protected work product that Defendants had no obligation to produce prior to the briefing deadline. *See* Dkt.132 at 10. While Mr. Allen was not identified as a Hearing witness, Defendants note that Mr. Allen was disclosed as a potential witness in supplemental disclosures on September 2, 2020. *See* Dkt. 132 at 10.

Similarly, Plaintiff argues each of four declarations attached to the Opposition (the Declaration of Denise DeShields (dated October 7, 2020); the Declaration of Lannette Linthicum (dated October 13, 2020); the Declaration of Scott LePor (dated October 8, 2020); and the Declaration of Stephanie Zepeda (dated October 5, 2020) (the "Declarations") should be excluded

from evidence to be considered at the Hearing because Defendants failed to disclose the Declarations when they were prepared, and because Defendants failed to disclose the four declarants as witnesses Defendants intended to call at the Hearing. *See* Dkt. 130 at 2–3. Defendants contend they are not calling the four declarants at the Hearing, and that they timely disclosed each of the declarants as persons likely to have discoverable information in response to disclosure and supplemental disclosure obligations. *See* Dkt. 133 at 3.

Rule 37(b)(2)(c) of the Federal Rules of Civil Procedure permits a district court to strike pleadings or render a default judgment against a party as a sanction for failure to comply with a discovery order. FED. R. CIV. P. 37(b)(2). "[I]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* Rule 37(b)(2) "authorizes courts to appropriately respond to and deal with parties which have disobeyed discovery orders." *Chilcutt v. United States*, 4 F.3d 1313, 1319–20 (5th Cir. 1993); *see also FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). The court has broad discretion to determine the appropriate sanction for failure to comply with discovery and, especially, for failure to comply with a court's orders. *See Chilcutt*, 4 F.3d at 1320; *see also Chisesi v. AAA/Auto Club Family Ins. Co.*, No. 08-3707, 2009 WL 2447791, at *2 (E.D. La. Aug. 10, 2009).

Regarding disclosure of witnesses, the Court finds that based on the information before the Court, Defendants appear to have adequately complied with their Rule 26 obligations by timely identifying each of the declarants at issue as individuals having knowledge of facts relevant to the claims or defenses of any party and the Declarations as part of the brief they were prepared to support. *See* Dkts. 133-2, 132-1, 133-3, 133-4 (Defendants' Initial and First, Second and Third

Supplemental Disclosures, respectively). Turning to the Court's Orders in this matter and their relationship to Defendants' disclosure of the Declarations, Defendants were not specifically required, under the agreed-upon deadlines, to identify witnesses providing declarations simultaneously with witnesses appearing for live testimony at the Hearing. *See* Dkt. 118 ("November 10, 2020[:] Parties exchange list of witnesses to be called live at the hearing."). Plaintiff highlights, however, that the express purpose for timely disclosing witnesses testifying at the Hearing was specifically to assist each party in determining whether they wished to depose the witnesses for purposes of the Hearing. *See* Dkt. 130 at 3; Dkt. 130-1 at 1. It is the Court's view, though not specifically stated in the Order setting deadlines, that each of the Declarations at issue represents testimony by declaration. Thus, while the Court finds striking the Declarations is an improper sanction, particularly given the lack of clarity regarding this specific issue, the Court finds Plaintiff should be afforded the opportunity to depose the witnesses whose testimony will be presented at the Hearing, whether in person or by declaration. The Court finds in this specific matter, particularly given the delays and challenges due to the COVID-19 pandemic, an equitable solution is warranted in order to conduct a preliminary injunction hearing that adequately covers the matters at issue, allows for a full presentation of relevant evidence to the Court, and allows full participation and preparation from both parties.

### III.    CONCLUSION

For the foregoing reasons, the Motion (Dkt. 122) is **DENIED**.

However, Plaintiff is permitted to seek the deposition of John Allen, Denise DeShields, Lannette Linthicum, Scott LePor, and/or Stephanie Zepeda prior to the Hearing.

Plaintiff's counsel is **ORDERED** to notify Defendants' counsel of the individuals they wish to depose on or before **Thursday, December 3, 2020**. Defendants' counsel shall coordinate scheduling the depositions on or before **Friday, December 4, 2020, at 5:00 p.m.**

The depositions shall occur between December 7–10, 2020. The parties may supplement the record with such deposition testimony and argument (with any argument limited to no more than two (2) pages per witness deposed) related thereto by **Saturday, December 12, 2020**.

**So ORDERED and SIGNED this 2nd day of December, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE